*Northern District*

No. 6256

## LEONARD HUGHES

### v.

## JOHN J. SNIGORSKI and another

Assigned: _____ 1966. Decided _____ 1966.

*Present:* Brooks, P. J., Connolly, J., Yesley, J.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District    No. 2262 of 1962.

Yesley, J.    *This is an action to recover damages for breach of an agreement* alleged to have been made by the defendants to sell to the plaintiff a boat, the "Valjora," owned by defendant Snigorski and stored at the yard of defendant Victor Tracy Yacht Corporation. There was a finding for the plaintiff against Snigorski (the defendant) and his appeal brings the case before us. The issue presented by the report of the trial justice is whether a finding was required for the defendant by reason of the bar of the statute of frauds.

*There was evidence,* which was entirely oral, *that* plaintiff came to the yard of the corporate defendant, a yacht broker, in response to an advertisement for the sale of another boat, that while there his attention was called by the broker to the "Valjora", which had been brought to the yard in a damaged condition on April 6, 1962 for an estimate of the cost of repairs and for storage, that the plaintiff on that occasion examined the outside of the boat, that he returned thereafter to view the inside at which time the defendant who had retained the keys was present to unlock the inside of the boat, that he had a conversation then with the defendant in which he "was given to

understand'' that an insurance claim for the damage to the boat would be settled sometime in June, and that on April 25th, he (the plaintiff) gave a check for $600.00 to the broker, made out to it as the payee, which the broker deposited in its own bank account.

*There was testimony* on behalf of the broker *that* '' (it) had been given the boat to sell. . . . that the sale price was $6000.00 . . . .that (it) was told to sign a contract by the owner, and that all three agreed on July 1st as a delivery date'', but that ''when the owner was told of the $6000.00 he refused it''. There was further testimony that the broker had declined to accept a check of the plaintiff for $5400.00 when offered to it on July 1, 1962 ''because the owner . . . .would not give a release of the boat'', and that the broker had thereupon returned the $600.00 to the plaintiff who accepted it.

The defendant denied giving the broker authority to conclude a sale or that he ever gave a price to the broker and further testified that he told the plaintiff that a sale of the boat couldn't be made until the insurance claim was settled, which did not occur until the end of August. There was no evidence of any writing signed by the defendant or broker.

The defendant requested the trial justice to rule in effect that a finding was required for him and that the alleged contract was ''outlawed'' by the statute of frauds. The trial justice denied these requests and reported his rulings

to this Court. It is our opinion that a finding was required for the defendant for the reasons hereinafter stated and that it was prejudicial error for the trial justice not to have so ruled.

"Transactions in goods" are now covered by Article 2 of the Uniform Commercial Code (G. L. c. 106, §2-102). "Goods" is defined in §2-105(1) as "all things. . . .which are movable at the time of identification to the contract for sale. . . ." (with certain exceptions not here pertinent). A boat is a movable; see *Penniman* v. *French*, 17 Pick. 404, 405. As a "chattel(s) personal", it also was included within the definition of "goods" under the Sales Act (G.L. c. 106, §65(1)), which preceded the Uniform Commercial Code. In §2-201(1) of the Code it is provided:

> "Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or dedefense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

The trial justice found that a contract of sale had been entered into and that "all parties were in agreement as to the terms of this sale". The only price suggested in the evidence was $6000.00. As there was no evidence of any writing signed by the defendant or the broker, the contract is not enforceable, unless saved by an exception found in paragraph (c) of §2-201(3), "with respect to goods for which payment has been made and accepted". Under the Sales Act part payment took a contract out of the bar of the statute of frauds. G.L. c. 106, §6(1). The Code however, §2-201(3)(c), specifically limits the effect of part payment to that quantity of the goods for which payment has been made and the entire contract is not removed from the bar. *Williamson* v. *Martz,* 11 District and County Rep. 33 (Pa.-1956); see note 4 B.C. Ind. & Com. L.R. at p. 391. Accordingly, where as in this case the subject of the sale is a single object and the payment falls short of the full amount, enforcement of the contract is denied. *Williamson* v. *Martz,* supra, at p. 35.

There being prejudicial error, the finding for the plaintiff is vacated and the entry of judgment for the defendant is ordered.

JOHN A. IRWIN

of Dorchester for the Plaintiff

FRANCIS P. FOLEY

of Boston for the Defendant